## Santangelo v. Scandone

572

*Peter J. Cianci,* for plaintiff.
*Charles J. King, Jr.,* for defendants.

GARDNER, *P.J., 44th Judicial District, Specially Presiding,* January 20, 1981—This matter is an appeal from arbitration which was tried de novo before this court without a jury. Following trial, each counsel was permitted to file memoranda of law to supplement closing arguments.

Plaintiff was the lessor, and defendants the lessees, of premises situate in Norristown, Montgomery County, Pa. from March 1975 through May 1976. The written lease between the parties provided for a monthly rental of $500 reducible to lesser amounts if paid within scheduled periods measured from the first day of each month, to the end that the earlier the lessees paid, the lower the rent became. The lowest monthly rental payable was $225.

In this suit, plaintiff claimed a balance of rental due for alleged failure of defendants to pay for May 1976. Plaintiff also made a claim for rents for periods following May 1976, together with a claim for damages to the premises.

Defendant asserts a timely vacation of the premises and the possession by plaintiff of a $250 security deposit which defendants expected would be applied to the final month's rent.

Defendants further assert the application of the Federal Truth in Lending Act of May 29, 1968, 82 Stat. 146, 15 U.S.C.A. § 1601 et seq., contending that the difference between the maximum and minimum rentals provided in the instant lease con-

stituted a discount which required plaintiff to use disclosure procedures set forth in the act.

There is no question but that plaintiff did not comply with the Federal statute. He admitted this at trial.

We agree with defendants' position. The Truth in Lending Act clearly equates a discount (the only reasonable interpretation on the plaintiff's rather fascinating plan for rent reserved) with a finance charge.*

However, the Truth in Lending Act has a one year statute of limitations, but this does not prevent defendants from raising it defensively as a recoupment. Nonetheless, the claim may only rise to the level necessary to "satisfy the plaintiff's action." Defendants are not entitled to a judgment for any amount greater than that claimed by plaintiff: Household Consumer Discount Company, v. Vespaziani, 490 Pa. 209, 415 A. 2d 689 (1980).

Hence, this court finds for defendants.

## VERDICT

And now, January 20, 1981, for the reasons set forth in the opinion of even date filed in the above matter, the court finds for defendants in the above-captioned matter.

---

*Section 1605. "(a) Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit, including any of the following types of charges which are applicable: (1) Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges."